## In re RODMAN.
### Patent Appeal No. 2809.

Court of Customs and Patent Appeals.
Dec. 7, 1931.

Jo Baily Brown, of Pittsburgh, Pa. (Brown & Critchlow, of Pittsburgh, Pa., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appeal is taken to this court from the decision of the Board of Appeals of the United States Patent Office, affirming the action of the examiner in finally rejecting all the claims in the application which are:

"1. A carburizing material comprising coal-coke having an ash content of not over 8 per cent.

"2. A carburizing material comprising coal-coke having between 4 and 8 per cent. of ash content.

"3. A carburizing material comprising coal-coke low in sulphur and having not more than 8 per cent of ash content."

"7. A carburizing material comprising a coal-coke having an ash content not over 8 per cent., combined with barium carbonate as an energizer."

The references relied upon are: Rodman, 949,446, February 15, 1910; Rodman, 949,549, February 15, 1910; Mathewson et al., 1,471,563, October 23, 1923.

The alleged invention relates to a carburizing material which is used in the process of casehardening steel articles, comprising a coal coke having an ash content of not over 8 per cent. One of the claims is drawn to cover such a material when combined with barium carbonate as an energizer.

The claims were rejected on the ground that no patentable invention was shown over the prior art. This applicant in the two Rodman patents cited taught the use of coal coke in making a carburizing material used in the casehardening of steel.

Mathewson et al. relates to a carbonizing compound and process and the patent states, referring to the composition of the compound, that it should contain, "about 58 per cent. fixed carbon, and about 8 per cent. ash."

Appellant contends that without the aid of the prior art he has discovered that, if the ash content is kept below 8 per cent. in a carburizing material, unexpected and unobvious results are obtained.

We agree with the Board of Appeals that it was old in the art to use coal coke of low ash value when mixed with barium carbonate or other energizing materials.

Appellant states in his application: "I am aware that the use in carburizing materials of coke made from coals having comparatively low sulphur and ash contents has been regarded as good practice. For example, I believe the General Motors Company specifies that coke used in carburizing material supplied to it shall be of the standard of purity of the product of the Semet-Solvay Company, of Detroit, Michigan. This coal-coke, considered an excellent and comparatively pure product, still contains ten to twelve per cent of ash."

Appellant has been granted a patent for his discovery of the advantages flowing from the use of coal coke combined with an energizer in the manufacture of a carbonizing material. We think there is no patentable invention shown by appellant in now suggesting that the best results may be obtained from coal coke which has an ash content of less than 8 per cent.

At the expiration of existing coal coke carburizing patents, the public has a right

896

to freely use coke in making its carburizing materials, and it would seem that the public would have the right to use any kind of coke which would produce the best result. It was suggested by the Board of Appeals that, if appellant was granted a patent on the claims at bar, he could stop the use by the public in the carburizing material art of certain kinds of Kentucky coal which is low in ash content. Appellant does not claim to be the discoverer of the low ash content of Kentucky coal, and yet, by his present application, he seeks to obtain a monopoly in the use of coke made from such coal in the manufacture of a carbonizing material.

The reasoning in De Forest Radio Co. v. General Electric Co., 283 U. S. 664, 51 S. Ct. 563, 75 L. Ed. 1339, we think is controlling of the decision in this case. There the Langmuir high-vacuum tube was concededly better than the prior art De Forest audion or vacuum tube, from which it differed by using a higher vacuum, or lower air content, in the tube. The Supreme Court of the United States held that there was no invention in changing the degree of a vacuum, notwithstanding the improved results, because the high vacuum was suggested by other prior art.

The decision of the Board of Appeals is affirmed.

Affirmed.